[No. 13704. Department Two. June 6, 1917.]

A. J. BAUMGARTNER *et al.*, *Appellants*, v. THE CITY OF RENTON, *Respondent*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS—DECISION OF ENGINEER—CONCLUSIVENESS — ACCEPTANCE — ESTOPPEL. A provision in a contract for municipal work that no improvement shall be deemed complete until the city engineer has filed a statement so declaring and no acceptance shall prevent the city from thereafter making claim for defective work discovered two years after completion modifies the clause that the engineer's decision as to the work to be paid for shall be final and conclusive, and permits the city to recoup for defective work discovered within the two years, and the city would not be estopped by the fact that the city engineer and inspector were on the ground and permitted the defective work to go on.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 10, 1916, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Tucker & Hyland*, for appellants.

*Daniel Gaby* and *Bradford, Allison & Egan*, for respondent.

FULLERTON, J.—In the early part of the year 1913, the plaintiffs, A. J. Baumgartner and S. F. Mougin, as copartners, entered into a contract with the city of Renton to pave with brick a certain portion of First avenue north in that city for the sum of $12,833.76. The paving was all laid by the contractors on December 20, 1913, and seventy per cent of the contract price paid, the remainder being retained pending the settlement of certain lien claims for labor and material. The contractors afterwards satisfied these claims, and the balance due, with the exception of $500, was ordered paid by the city council. The retention of this last men-

[1] Reported in 165 Pac. 484.

tioned sum was due to the fact that a portion of the paving was not laid in accordance with the specifications and would have to be relaid to comply therewith, the estimate of the city engineer being that the sum retained would be sufficient to cover the expense. This arrangement was satisfactory to the plaintiffs and they agreed to do the relaying as part of their contract. The actual doing of the work was delayed until March 1, 1915, at which time, after an agreement with the city council, appellants started the work, tearing up certain portions of the paving, but after tearing it up they at once relaid it as it was, and refused to do anything more. The city thereupon relaid the pavement so as to remedy the defective construction, at an expense to the city of $1,569.83. The plaintiffs then brought this action against the city to recover the $500 balance on their contract price for the pavement. The city set up a cross-complaint, alleging damages in the sum of $1,569.83 as a result of the failure of plaintiffs to perform their contract according to its terms. The court found for the defendant in the full sum claimed on its cross-complaint, and gave judgment therefor, directing that the defendant credit on the judgment the $500 cash retained by the city out of the contract price, leaving a balance due defendant from plaintiffs in the sum of $1,069.83. The plaintiffs appeal.

The appellants first contend error in the following finding of fact made by the court:

"That plaintiffs entered upon the performance of said contract and pretended to perform the same. That defendant paid to plaintiffs as it was required by said contract to do, all the sums due and payable prior to the final and full payment, and thereafter paid to plaintiffs all but the sum of five hundred dollars ($500) on the whole contract price. That said sum of five hundred dollars ($500) was retained by defendant after investigation by plaintiffs and defendant of the facts as then understood to exist relative to the pavement and was considered as being, and was then estimated to be, a sum sufficient to relay said defective portions of said

work; but said work had been so carelessly and negligently performed by plaintiffs, without knowledge or consent of defendant, and without any warning thereof to defendant, that plaintiffs did not comply with the contract in this, they did not use the size of roller required to prepare the ground for laying the pavement, the materials used were of inferior quality, the brick ill-shaped, the sand was unwashed, the top layer of bricks was improperly rolled, the interstices between the bricks were largely filled with sand, instead of with proper grouting, producing a weak bond, the specifications were not complied with in the preparation of the grouting, either in the proportion of sand and cement used, in the methods of mixing or in the methods of putting the grouting between the bricks, with the result that the spaces between the bricks of the wearing surface layer of the pavement were only partially filled with the grouting, and in making the necessary repairs to. the street and in relaying defective portions thereof, it became necessary to repair and relay the larger part of said pavement, all of which was done in a reasonable, prudent and proper manner at a total cost of one thousand sixty-nine dollars and eighty-three cents ($1.069.83) over and above said five hundred dollars ($500), the whole cost to defendant being the sum of one thousand five hundred and sixty-nine and eighty-three cents ($1,569.83), all of which was paid on or before July 1st, 1915, by defendant."

The evidence covers a number of pages of the statement of facts, and it would be unprofitable to review it here. Its examination, however, satisfies us that it fully supports the finding.

The appellants next contend that the approval of the city engineer was binding and conclusive upon both parties, and neither the city nor the plaintiffs could go behind his decision. This contention is founded upon the following clause of the specifications made a part of the contract between the parties:

"To prevent all disputes and litigation it is further agreed that the city engineer shall in all cases determine the amount of work to be paid for under the contract for this improve-

ment, and his estimates and decisions shall be final and conclusive, subject to the approval of the city council."

It is settled law in this jurisdiction that, where a contract for public work makes in explicit language the decision of the engineer final as to the performance of a contract, such decision is conclusive on the parties.

"But to make such a certificate conclusive plain language in the contract is required. It is not to be implied. McQuillin, Municipal Corporations, § 1938.

If there were no such provision in the contract, the contract itself would not preclude the city from recouping in damages for a breach of contract. Assuming that the provision set out above is sufficient, standing alone, to make the engineer's decision as to the completion of the work final, we find it modified by a further stipulation in the contract, namely:

"No improvement shall be deemed completed until the city engineer shall have filed with the city clerk a statement declaring the same to have been completed. But neither said statement nor any acceptance of said work by the city engineer shall prevent the city from thereafter making claim for uncompleted or defective work if the same is discovered within two years from the completion and acceptance of the work."

This provision clearly modifies the one relied upon by the appellants, and makes the engineer's certificate conclusive only as to uncompleted and defective work discovered later than two years after the completion and acceptance of the work. As this defect was discovered within the two years, the city was entitled to make claim for it.

The appellants further contend that the respondent is estopped from questioning the sufficiency of the work for the reason that its inspector and city engineer were on the ground, saw the manner in which the work was being performed, and permitted it to go on. But the contract itself furnishes an answer to this contention. By the contract the

city reserved not only the right to inspect the work while it was in progress, but the right to make claim for any defective work within two years after the contract work should be completed. The purpose of this was to protect itself against any incompetence or negligence on the part of its inspectors. The appellants engaged in the work knowing that their failure to properly perform it would not be excused because of the failure of the inspectors to see that it was performed according to the stipulations. There can, therefore, be no estoppel within the time limited from the fact that the work of inspection was indifferently performed.

The judgment is affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.